UNITED STATES DISTRICT BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| REPUBLIC WINDOWS & DOORS, LLC, | ) | Case No. 08-34113 |
| | ) | |
| Debtor. | ) | |
| | ) | Honorable Jacqueline P. Cox |
| PHILLIP D. LEVEY, not individually but solely in his capacity as duly-appointed Chapter 7 Trustee of the Bankruptcy Estate of Republic Windows and Doors, LLC, | ) ) ) ) ) | |
| Plaintiff, | ) | Adv. Pro. No. 11-00705 |
| v. | ) | |
| | ) | |
| WINDOW DEPOT USA, | ) | |
| | ) | |
| Defendant. | ) | |

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

This matter having come before the Court on the Motion of Chapter 7 Trustee for Entry of Default and Proposed Findings of Fact and Conclusions of Law Supporting Default Judgment (the "*Motion*"), and the Court having considered the Motion, the Declaration of Steven J. Gelsosomo submitted in support thereof, and the pleadings in the captioned adversary proceeding, and based thereon, the Court makes the following proposed findings of fact and conclusions of law. Based on these proposed findings and conclusions, the Court recommends that the District Court enter Judgment in favor of Plaintiff.

I. **FINDINGS OF FACT**

A. On December 12, 2008 (the "*Petition Date*"), Republic Windows & Doors, LLC (the "*Debtor*") filed a voluntary petition for relief under chapter 7 of title 11 of the United States Code (11 U.S.C. § 101 *et seq.*, the "*Bankruptcy Code*"), thereby initiating the above captioned

case (the "*Case*").

B.       Phillip D. Levey (the "*Trustee*") was appointed as the interim trustee in the Case pursuant to 11 U.S.C. § 701, and he subsequently became the permanent trustee in the Case. The Trustee is duly qualified and has all the powers of a Trustee under, among other provisions, 11 U.S.C. § 704.

C.       Prior to the Petition Date, the Debtor and Window Depot USA (the "*Defendant*") entered into an agreement (the "*Agreement*") pursuant to which the Debtor agreed to sell goods and/or service (collectively, the "*Goods*") to the Defendant and the Defendant agreed to pay for those goods.

D.       Pursuant to the Agreement, the Debtor provided $438,504.63 in Goods to the Defendant, for which Goods the Defendant failed and refused to pay.

E.       The Debtor fully performed its obligations under the Agreement in the manner required by the Agreement by, among other things, delivering the Goods to the Defendant.

F.       The Defendant is indebted to the Debtor and its estate (the "*Estate*") in the amount of $438,504.63, which amount is due, owing, and payable by the Defendant.

G.       As a result of the Defendant's failure to pay for the Goods, the Defendant has been unjustly enriched in the amount of $438,504.63.

H.       The Trustee filed a complaint (the "*Complaint*") against the Defendant on March 23, 2011, thereby initiating the captioned adversary proceeding.

I.       The Complaint asserts, among others, claims against Defendant for breach of contract (Count I) and unjust enrichment (Count II).

J.       The Defendant has been held in default: it was served by U.S. Mail on February 15, 2012, but did not timely answer the Complaint or otherwise respond.

## II. CONCLUSIONS OF LAW

1. This Court has subject matter jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334.

2. The claims asserted in Counts I and II of the Complaint are "related" matters that this Court may hear. 28 U.S.C. § 157(c)(1). However, this Court lacks constitutional authority to final judgment on the claims, and instead must enter proposed findings of fact and conclusions of law. *Id.*; *Stern v. Marshall*, 131 S. Ct. 2594 (2011).

3. Venue of the Case and of this adversary proceeding is proper in this judicial district pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The Defendant is in default within the meaning of Rule 55 of the Federal Rules of Civil Procedure, made applicable here by Rule 7055 of the Federal Rules of Bankruptcy Procedure.

5. The Debtor breached the Agreement by failing to pay for the Goods.

6. The Debtor is entitled to a final judgment against the Defendant on Counts I and II of the Complaint in the amount of $438,504.63, plus costs of $410.00 and post-judgment interest.

7. There is no just reason for delay of entry of judgment on Counts I and II of the Complaint.

### III. CONCLUSION

This Court submits these proposed findings of fact and conclusions of law and recommends that the District Court enter Judgment in favor of Plaintiff.

Dated: - 8 MAY 2012

ENTER:

*Donald R. Cassling*
United States Bankruptcy Judge

**PREPARED BY**:

William J. Factor (6205675)
Sara E. Lorber (6229740)
Jeffrey K. Paulsen (6300528)
**THE LAW OFFICE OF
  WILLIAM J. FACTOR, LTD.**
1363 Shermer Road, Suite 224
Northbrook, Illinois 60062
Tel:   (847) 239-7248
Fax:   (847) 574-8233
Email: wfactor@wfactorlaw.com
       slorber@wfactorlaw.com
       jpaulsen@wfactorlaw.com
*Counsel for the Trustee*

4